UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MANUEL ZAVALA, JR., et al.,

    Plaintiffs,

    v.

MCKESSON CORPORATION, et al.,

    Defendants.

_____/

No. C 13-3163 PJH

**ORDER GRANTING MOTION TO STAY AND VACATING HEARING**

    Before the court is defendant's motion to stay the above-entitled action pending the determination by the Judicial Panel on Multidistrict Litigation ("JPML") regarding the transfer of this case to MDL 1871 in the Eastern District of Pennsylvania ("the Avandia® MDL"). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motion to stay. The court VACATES the hearing scheduled for September 4, 2013. In light of this ruling, the court also VACATES the hearing on plaintiffs' motion to remand, scheduled for September 11, 2013, which the court shall reschedule if necessary.

    Plaintiffs filed this action in the Superior Court of California, County of San Francisco on June 27, 2013. On July 9, 2013, defendant GlaxoSmithKline LLC ("GSK") removed the case to this court under the Class Action Fairness Act. GSK also claims that defendant McKesson Corporation was fraudulently joined, giving the court diversity jurisdiction over the action. Plaintiffs disagree, and filed a motion to remand on August 1, 2013.

    On July 9, 2013, GSK notified the JPML of a number of "tag-along" actions awaiting

transfer to the Avandia® MDL. On July 16, 2013, GSK provided notice to the JPML of the pendency of this "tag-along" action. On July 19, 2013, GSK filed the present motion to stay pending transfer.

The JPML has the authority to transfer "civil actions involving one or more common questions of fact [which] are pending in different districts . . . to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). When evaluating a motion to stay, a primary factor the court should consider is the preservation of judicial resources. Rivers v. Walt Disney Co., 980 F.Supp. 1358, 1360-61 (C.D. Cal. 1997). Staying an action pending transfer can help prevent duplicative litigation and inconsistent rulings. Id.

Other courts, including the Northern District of California, have granted motions to stay in order to preserve judicial resources, even where motions to remand are also pending. See Flores v. McKesson Corp., No. 13-3153 (N.D. Cal. Aug. 2, 2013); Allen v. McKesson Corp., No. 13-3110 (N.D. Cal. July 30, 2013); Hargrove v. McKesson Corp., No. 13-3114 (N.D. Cal. July 30, 2013); Poff v. McKesson Corp., No. 13-3115 (N.D. Cal. July 30, 2013); Summa v. McKesson Corp., No. 13-3097 (N.D. Cal. July 30, 2013); Aud v. McKesson Corp., No. 13-3111 (N.D. Cal. July 29, 2013); Adams v. McKesson Corp., No. 13-3102 (N.D. Cal. July 25, 2013); Alvarez v. McKesson Corp., No. 13-3112 (N.D. Cal. July 24, 2013); Dadus v. McKesson Corp., No. 13-3069 (N.D. Cal. July 24, 2013); Allender v. McKesson Corp., No. 13-3068 (N.D. Cal. July 22, 2013); Ortiz v. McKesson Corp., No. 13-3159 (N.D. Cal. July 17, 2013); Albayrak v. McKesson Corp., No. 13-3095 (N.D. Cal. July 15, 2013); Esche v. McKesson Corp., No. 13-3062 (N.D. Cal. July 15, 2013).

There is nothing that precludes the MDL court from considering the jurisdictional issues after the transfer. Here, staying the case and the eventual transfer of the case would promote judicial economy because the cases raising common issues regarding Avandia® would be consolidated for discovery and pretrial proceedings.

The question of whether McKesson is a proper defendant in the Avandia® cases should be decided by one court, to avoid any risk of inconsistency in judicial rulings. All of the above-cited McKesson cases involve the same jurisdictional issues, and all have been

stayed pending transfer to the MDL. Thus, the question of whether McKesson is a proper defendant in the Avandia® cases is already before the MDL, so the court finds that judicial economy would be better served by staying this case pending the transfer, rather than by considering the motion to remand.

Accordingly, for the foregoing reasons, the court finds that defendants' motion to stay must be GRANTED. The September 4 and 11, 2013 hearing dates are VACATED.

**IT IS SO ORDERED.**

Dated: August 12, 2013

_____
PHYLLIS J. HAMILTON
United States District Judge